IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DERHONDA WARD, | )<br>) |
| PLAINTIFF, | )<br>) |
| V. | ) Civil Action No.:<br>) _____ |
| COBB COUNTY SCHOOL DISTRICT, | )<br>)<br>) **JURY TRIAL DEMANDED** |
| DEFENDANT. | )<br>)<br>) |

## COMPLAINT

COMES NOW DeRhonda Ward ("Plaintiff") by and through her undersigned counsel, and files her COMPLAINT against Defendant Cobb County School District ("Defendant"), showing the Court as follows:

## NATURE AND PURPOSE

1. Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. This lawsuit is brought for unlawful retaliation under the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq*. ("FMLA").

1

## PARTIES

3. Plaintiff DeRhonda Ward is a female citizen of the United States of America, is and was at all material times a resident of the state of Georgia, and submits herself to the jurisdiction of the Court.

4. Defendant is a public corporate body with the capacity to sue and be sued organized under Georgia law and is a local governmental entity providing public services within the boundaries of the Atlanta Division of the Northern District of Georgia.  Defendant may be served by personal service on its Superintendent, Chris Ragsdale, at 514 Glover Street, Marietta, Georgia 30060.

5. Defendant is a covered employer under the FMLA.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over Plaintiff's FMLA claim pursuant to 28 U.S.C. §§ 1331 and 1343.

7. Pursuant to 28 U.S.C. § 1391(b), 42 U.S.C § 2000e-5(f)(3) and Local Rule 3.1(B)(3), venue is proper because the unlawful employment practices giving rise to the Plaintiff's claims occurred in this judicial district and division.

## FACTUAL ALLEGATIONS

8. Plaintiff was hired by Defendant on or about July 2018 as a School Counselor at H.A.V.E.N. Academy at Sky View.

9. H.A.V.E.N. Academy is a Georgia Network for Educational and Therapeutic Supports (GNETS) program serving students who have emotional/behavioral concerns and who require more intensive behavioral programming for successful outcomes.

10. As a School Counselor, Plaintiff reported to Dr. Isaac Kelly, Principal at H.A.V.E.N. Academy at Sky View.

11. Plaintiff had a dotted reporting line to Melissa Marsh, Supervisor of School Counseling, Advisement and Crisis Response for Cobb County School District.

12. Plaintiff has 17 years of experience as a School Counselor.

13. Prior to 2021, Plaintiff had always received strong performance reviews and had never received any disciplinary actions.

14. On January 13, 2021, Nancy Wesselmann, Lead Teacher, sent Plaintiff an email requesting assistance with a transition plan for a student's individualized education program ("IEP").

15. An IEP is a plan or program developed to ensure that a child with an identified disability who is attending an elementary or secondary educational institution receives specialized instruction and related services. The IEP is developed by a team of individuals.

16. A transition plan is part of the IEP and is used to identify and develop goals which need to be accomplished during the school year to assist the student in meeting his or her post-high school goals.

17. A series of emails ensued between Plaintiff, Ms. Wesselmann, Katrina Huels, Program Supervisor, during which they discussed the role of the school counselor with regard to the transition plan.

18. Plaintiff indicated that she is not trained in doing a transition plan as part of the IEP process.

19. Katrina Huels, Program Supervisor, asked Plaintiff if she could seek clarity regarding the school counselor's role in the IEP process as she felt that the school counselor would have more responsibility in the transition planning.

20. Plaintiff emailed Alexandra Huguelet, School Counseling Consultant, and she responded that the transition interview is not something that a School Counselor would handle. Ms. Huguelet further stated that school counselors do collaborate with school staff in the administration of career assessments.

21. Following that clarification, it appeared as if the issue regarding the school counselor's role in the transition planning had been resolved.

22. However, Dr. Debra Lee, Assistant Principal, told Plaintiff she must assist with the transition planning even though the School Counseling Consultant

had confirmed that school counselors should not assist with that process. Plaintiff told Dr. Lee that she did not have the proper training and therefore did not feel comfortable assisting with that process.

23. On February 5, 2021, Plaintiff received a Letter of Direction from Dr. Lee for, among other things, communicating effectively and in a timely manner with teachers, administrators, and staff, building relationships with all stakeholders, and performing duties and responsibilities as assigned by an administrator.

24. On February 8, 2021, Plaintiff received an email from another teacher, Barbara Saczalski, stating that she had three students that needed transition plans and asking Plaintiff is she could direct her as to what to do since she had not done one in five years and needed some guidance.

25. Plaintiff forwarded the email to Ms. Marsh and asked her how to respond as she believed that this issue had been resolved and that the teachers knew that the school counselor was not involved with the transition plan process.

26. Ms. Marsh told Plaintiff to let the teacher know that she had not been trained in this process and to provide the teacher with the name of the Transition Resource Specialist for support.

27. Plaintiff responded to Ms. Saczalski exactly as told by Ms. Marsh.

28. Following this email correspondence, it was decided by Dawn Urbano, Transition Assessment and Middle School Specialist, that middle and high school teachers needed additional support and guidance in writing transition plans so she set up a mandatory meeting with all middle and high school teachers for February 10, 2021.

29. Dr. Kelly sent an email to all teachers at H.A.V.E.N. Academy at Sky View notifying them of the mandatory training.

30. That same day, Dr. Kelly told Plaintiff he would like to have a meeting with her. The meeting was scheduled for February 9, 2021.

31. On February 9, 2021, Plaintiff met with Dr. Kelly and Dr. Lee. The purpose of the meeting was to cover items listed on the Letter of Direction.

32. During that meeting, Dr. Kelly told Plaintiff that they would have weekly review meetings to discuss communication, duties, and responsibilities. Dr. Kelly told Plaintiff that they were currently "holding" her contract but told her that, after the weekly meetings, "if all is well, we'll advise the district to release your contract."

33. In other words it was agreed that following the weekly reviews, if "all [was] well", Plaintiff would have a contract with Cobb County School District for the 2021-2022 school year.

34. Plaintiff began her weekly reviews with Dr. Kelly and Dr. Lee on or about February 26, 2021 and they were slated to continue every week until on or about May 14, 2021.

35. On or about March 3, 2021, Plaintiff submitted FMLA paperwork to Defendant to care for her husband who had, and still has, serious medical conditions.

36. Specifically, Plaintiff's husband has stage four (4) kidney disease and had stage four (4) prostate cancer and was having surgery to attempt to remove the prostate cancer.

37. The FMLA paperwork indicated that Plaintiff would be on FMLA leave from March 26, 2021 until May 10, 2021.

38. Dr. Kelly signed the FMLA paperwork on March 9, 2021.

39. Following Plaintiff's request for FMLA leave, Dr. Kelly piled an inordinate amount of work on Plaintiff's plate, telling her that she must complete it before she goes on leave.

40. Plaintiff explained to Dr. Kelly—while in tears—that she was overwhelmed with the amount of work that he had on her plate, while she was caring for her husband who was critically ill. Plaintiff explained that her husband and family needed her right now and that, between her personal life and the stress at school, she was not emotionally stable. Plaintiff pleaded with Dr. Kelly not to add

anything else as she was busy trying to get through the stuff that was already on her plate.

41. Dr. Kelly showed no sympathy for Plaintiff whatsoever and told her, "we're all getting a salary to do a job" while he continued to add work to Plaintiff's plate that needed to be completed prior to her leave.

42. On March 16, 2021, Plaintiff submitted a complaint to Human Resources stating that she was experiencing retaliation as a result of her FMLA leave. Specifically, Plaintiff detailed the inordinate amount of work that Dr. Kelly had put on her plate that needed to be completed prior to her leave. In the complaint Plaintiff expressed what she was going through both personally and professionally and explained that Dr. Kelly was putting this work on her plate to make her miserable before and during her leave.

43. Plaintiff had a weekly meeting set with Dr. Kelly for March 25, 2021.

44. Although Plaintiff's FMLA leave was not set to begin until March 26, 2021, Plaintiff's husband's doctor ordered that he arrive at the hospital a day early so that they could perform a COVID-19 test on him prior to the surgery.

45. The doctor indicated that the COVID-19 test needed to be performed at the hospital in Augusta, Georgia.

46. Therefore, Plaintiff submitted revised FMLA paperwork indicating that Plaintiff's leave would need to begin a day earlier, on March 25, 2021.

47. On March 22, 2021, Plaintiff received an email from Stacey Sinclair, Benefits Representative at Cobb County School District, indicating that her FMLA leave was now set to begin on March 25, 2021.

48. Dr. Kelly was copied on the March 22, 2021 email from Ms. Sinclair stating that the FMLA leave was set to begin on March 25, 2021.

49. On March 25, 2021, Dr. Kelly sent Plaintiff an email at 8:20AM regarding the weekly meeting stating, "The agenda for today's meeting is attached. We will meet via Teams at 3pm."

50. Dr. Kelly sent this email knowing that Plaintiff was on FMLA leave.

51. A few hours later, at 11:21AM on March 25, 2021, Ms. Sinclair sent Plaintiff an email, copying Dr. Kelly, that stated, "Good morning Derhonda, I noticed that I made an error in the 'Important Information' on your previous leave letter sent. The effective date your leave begins is today, March 25th. Thanks for your patience. Stay say and well."

52. Two hours after Ms. Sinclair sent that email, at 1:13PM on March 25, 2021, Dr. Kelly sent Plaintiff an email stating, in part, "You did not communicate that your leave would start today as opposed to tomorrow." Dr. Kelly then stated

9

that they would meet again on Monday, May 10, 2021, when she returned to work following her leave.

53. On March 31, 2021, Plaintiff responded to Dr. Kelly's email from March 25, 2021 at 8:20AM and stated, "Dr. Kelly, The information regarding my Family and Medical Leave start date was communicated to you via email on March 22, 2021 at 9:34am.  Also, on March 25, 2021 at 11:20am, an email was sent regarding my FML start date.  You were copied on each email concerning my FML dates.  Have a great day."

54. In April 2021, while Plaintiff was on FMLA leave, she communicated with Mark Perez, UniServe Director of the Georgia Association of Educators, regarding her contract status.

55. On April 16, 2021, Plaintiff received an email from Mr. Perez that stated that administrators had until May 1, 2021 to notify non-tenured teachers of non-renewals.  Mr. Perez also stated that the principal should be notifying her in the next week or so if he intended to move to non-renewal.

56. On May 6, 2021, Plaintiff sent Dr. Kelly an email stating that her FMLA leave had been extended until May 14, 2021, and that she would be returning to work on May 17, 2021.

57. The next day, on May 7, 2021, Christopher Dowd, Executive Director, Evaluations and Employee Relations of Cobb County School District sent Mr. Perez an email saying that he had recently spoken with Dr. Kelly and that they had decided not to renew Plaintiff's contract.

58. Upon information and belief, the decision not to renew Plaintiff's contract was made the same day, or the day after, Plaintiff notified Dr. Kelly that she would need to extend her FMLA leave for a second time.

59. On or about May 19, 2021, Plaintiff had a virtual meeting to discuss her summative review.  During that meeting, Dr. Kelly told Plaintiff that she should not come into the school for the next two weeks "to minimize disruption."  Plaintiff was not even allowed to answer calls or emails.

60. Plaintiff received a score of zero (0) on her summative review, out of fifteen (15) possible points.

61. Defendant retaliated against Plaintiff by not renewing her contract because Plaintiff exercised her rights under the FMLA and/or because Plaintiff made a complaint of FMLA retaliation to Human Resources.

## COUNT I
## RETALIATION UNDER THE FMLA

62. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

11

63. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer had at least 50 employees within 75 miles.

64. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it had more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

65. Plaintiff exercised or attempted to exercise her rights under the FMLA.

66. Plaintiff made a complaint of FMLA retaliation to Human Resources.

67. Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights and/or for making a complaint of FMLA retaliation by not renewing her contract.

68. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

69. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

70. Defendant's retaliation against Plaintiff for her exercising or attempting to exercise her FMLA and/or for making a complaint of FMLA retaliation caused

her to incur damages, which include lost wages and benefits, front pay, liquidated damages, attorneys' fees and costs.

**WHEREFORE,** the Plaintiff demands that a trial by jury be had on all Counts of her Complaint and that the following such judgment be entered on her behalf against Defendant granting the following relief:

(a) that Defendant be Ordered to make Plaintiff whole by providing for her out-of-pocket losses including any back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in amounts to be determined at the trial;

(b) that front pay be awarded as the employment relationship has been so severely damaged that the relationship is unsalvageable;

(c) that liquidated damages be awarded;

(d) that Plaintiff be granted attorney's fees and expenses of litigation;

(e) appropriate declaratory and injunctive relief;

(f) that pre-judgment and post-judgment interest be awarded; and

(g) that Plaintiff be granted such other and further additional relief as the jury deems equitable and just.

Respectfully submitted, this 8th day of November, 2022.

                                            *s/ Jackie Lee*
                                            Jackie Lee
                                            Georgia Bar No. 419196
                                            jackie@leelawga.com
                                            LEE LAW FIRM, LLC
                                            695 Pylant Street N.E., Suite 105
                                            Atlanta, Georgia 30306
                                            Telephone: (404) 301-8973

                                            **COUNSEL FOR PLAINTIFF**